# 23-1281

## United States Court of Appeals for the Second Circuit

―――― ◆●◆ ――――

JOSEPH KAFKA AND TODD KAFKA,

*Plaintiffs-Appellants,*

v.

WELLS FARGO SECURITIES, LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court for the Southern District of New York, Case No. 1:22-CV-1034 (LTS)

**RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE REPLY BRIEF**

LUCIA NALE
  *Mayer Brown LLP*
  *71 South Wacker Drive*
  *Chicago, IL 60606*
  *(312) 782-0600*

CHRISTOPHER J. HOUPT
BENJAMIN D. BRIGHT
  *Mayer Brown LLP*
  *1221 Ave. of the Americas*
  *New York, NY 10020*
  *(212) 506-2500*

*Counsel for Defendant-Appellee Wells Fargo Securities, LLC*

Defendant-Appellee Wells Fargo Securities, LLC (WFS) respectfully writes in response to Plaintiffs' motion to file a late reply brief. Dkt. 56 (Mot.). WFS takes no position on whether a "clerical mistake" (*id.* ¶ 10) constitutes an extraordinary circumstance to warrant filing a late brief under Local Rule 27.1(f)(1).

WFS writes to correct two misstatements in Plaintiffs' motion. First, Plaintiffs state that WFS requested and received 94 days to file its response brief. Mot. ¶ 7. Plaintiffs seem to imply that, because WFS received more than the 91 days allowed under Local Rule 31.2(a)(1)(B), Plaintiffs should likewise receive additional time to file a reply. However, Plaintiffs calculate 94 days only by misstating the date on which WFS filed its response, which was April 2, not April 4. *See* Dkt. 47. WFS requested and received 91 days to file its response brief, running from the filing of Plaintiffs' opening brief on January 2, 2024. Dkt. 43.

Second, Plaintiffs state that WFS did not file a non-defective response brief until 100 days after they filed their opening brief. Mot. ¶ 13. Plaintiffs seem to be referring to a notice of defective filing issued by the Court on April 10, 2024, which directed WFS to correct the pagination in the PDF of the response brief. *See* Dkt. 49. WFS filed the

1

corrected brief the same morning. Dkt. 50. Plaintiffs cannot (and do not) plausibly argue that they were prejudiced by the pagination issue, which did not concern the text or substance of the brief in any way.

We thank the Court for its consideration.

| | |
|---|---|
| Dated: May 8, 2023 | Respectfully submitted, |

/s/ *Christopher J. Houpt*
CHRISTOPHER J. HOUPT
BENJAMIN D. BRIGHT
   *Mayer Brown LLP*
   *1221 Ave. of the Americas*
   *New York, NY 10020*
   *(202) 506-2500*

LUCIA NALE
   *Mayer Brown LLP*
   *71 South Wacker Drive*
   *Chicago, IL 60606*
   *(312) 782-0600*

*Counsel for Defendant-Appellee*
*Wells Fargo Securities, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel certifies that this brief:

(i) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 260 words, excluding the parts of the brief exempted by Rule 32(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 2016 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.


Dated: May 8, 2024 /s/ *Christopher J. Houpt*
Christopher J. Houpt

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on May 8, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: May 8, 2024 /s/ *Christopher J. Houpt*
Christopher J. Houpt